UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JIMMY DALE JOHNSON, | ) |
| Plaintiff, | ) Case No. 5:05-cv-142 |
| v. | ) Honorable Robert Holmes Bell |
| COUNTRYWIDE HOME LOANS, et al., | ) |
| | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This is a civil action brought by a *pro se* plaintiff. Plaintiff's complaint arises out of state-court foreclosure proceedings in "Case No. 2005-3210 LT." Plaintiff's complaint fails to allege the identify of the court entering the adverse judgment or the date on which judgment was entered. Plaintiff contends that the judgment entered in Case No. 2005-3210 LT violated his rights under the Fourteenth Amendment's Due Process Clause. He argues that the judgment is "void" because his opponents' case was based on hearsay, and that he was somehow "coerced into testifying against himself" during the course of the civil litigation. Plaintiff alleges that an attorney from Trott & Trott P.C. represented Countrywide Home Loans and Deutsche Bank. The three corporations are the named defendants in this lawsuit. Plaintiff seeks an order from this court awarding him "free and clear title" to an unspecified parcel of real property and $360,000.00 in damages.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the court concludes that plaintiff's *pro se* action is indisputably meritless. The complaint will therefore be dismissed for lack of jurisdiction and failure to state a claim under federal law.

## Discussion

This court lacks jurisdiction to entertain plaintiff's attack on the state-court judgment. Federal courts are courts of limited jurisdiction. *See Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005). The court does not possess direct oversight powers over Michigan's trial courts. *See District of Columbia Circuit Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Howard v. Whitbeck*, 382 F.3d 633, 639 (6th Cir. 2004); *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.2d 929, 937(6th Cir. 2002); *see also Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 997 (6th Cir. 2003); *Elsman v. Standard Fed.*

*Bank*, 46 F. App'x 792, 797 (6th Cir. 2002); *Untied v. CIT Group Consumer Fin., Inc.*, 23 F. App'x 233, 235 (6th Cir. 2001); *Rowe v. Bank One, Indianapolis, N.A.*, No. 99-2446, 2000 WL 1477231, at * 1 (6th Cir. Sept. 25, 2000); *Stewart v. Fleet Fin.*, No. 99-2282, 2000 WL 1176881, at * 1-2 (6th Cir. Aug. 10, 2000). The avenue that was available to plaintiff was to appeal the trial court's judgment to the Michigan Court of Appeals, seek leave to appeal to the Michigan Supreme Court after that, and if necessary, file an application for a writ of *certiorari* to the United States Supreme Court. Therefore, to the extent that plaintiff alleges harm arising from the rulings of the state court, this court lacks subject-matter jurisdiction.

With regard to the remaining claims, plaintiff's complaint fails to state a claim because plaintiff has not pled facts sufficient to show that any defendant acted under color of state law. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege deprivation of a right guaranteed by the federal Constitution or laws by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005); *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902-03 (6th Cir. 2003); *see also BPNC v. Taft*, No. 04-3713, 2005 WL 1993426, at * 5 (6th Cir. Aug. 16, 2005); *Bell v. Management & Training Co.*, 122 F. App'x 219, 222-23 (6th Cir. 2005). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful the conduct.'" *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). An attorney does not become a state actor merely by representing a client. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). Attorneys fulfill a private function in representing their clients and do not act as agents of the state. *See Polk County v. Dodson*, 454 U.S. 312, 321 (1981); *see also Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005)("It is well-settled

that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983."); *Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005); *Smith v. Hilltop Basic Res., Inc.*, 99 F. App'x 644, 646 (6th Cir. 2004) (collecting cases); *Miller v. Melnick*, 33 F. App'x 807, 808 (6th Cir. 2002); *Koukios v. Ganson*, No. 99-4060, 2000 WL 1175499, at * 1 (6th Cir. Aug. 11, 2000) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law."). Moreover, it is well-settled that neither a litigant nor an attorney representing a party acts under color of state law merely by bringing or defending a matter before a state court. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21 (1982); *Ellison v. Garbarino*, 48 F.3d 192, 195-96 (6th Cir. 1995); *Kelm v. Hyatt*, 44 F.3d 415, 421-22 (6th Cir. 1995). Plaintiff's claims against defendants under section 1983 fail for want of a state actor.

## **Conclusion**

For the reasons set forth herein, this lawsuit will be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). On the same grounds, the court certifies that any appeal of this decision would be frivolous and brought in bad faith, 28 U.S.C. § 1915(a)(3), and will deny plaintiff leave to appeal *in forma pauperis.*


Date:   November 2, 2005         /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT  JUDGE